UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
NORMAN J.D.,

                       Plaintiff,         <u>DECISION AND ORDER</u>
                                                   1:24-cv-09123-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In September of 2019, Plaintiff Norman J.D.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

      This case was referred to the undersigned on October 20, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

No. 19). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I. BACKGROUND

*A.   Administrative Proceedings*

Plaintiff applied for benefits on September 17, 2019, alleging disability beginning September 21, 2018. (T at 559-60).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  Hearings were held on December 14, 2020, and May 10, 2021, before ALJ Arthur Patane. (T at 2405-2421, 2449-2459).

ALJ Patane issued a decision on May 24, 2021, denying the application for benefits. (T at 103-128).  The Social Security Appeals Council granted Plaintiff's request for review and remanded the matter for further proceedings in March of 2022. (T at 129-35).  A third administrative hearing was held on June 11, 2023. (T at 38-47).

On October 9, 2023, ALJ Patane issued a second decision denying the application for benefits. (T at 136-65).  In January of 2024, the Appeals Council vacated ALJ Patane's second decision and remanded for further

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13 & 16.

proceedings with a directive that the matter be assigned to a different ALJ. (T at 166-71).

A hearing was held before ALJ Kiernan McCormack on July 2, 2024. (T at 2422-2448). Plaintiff appeared with an attorney and testified. (T at 2431-37). The ALJ also received testimony from Linda Vause, a vocational expert. (2437-47).

B.   ALJ's Decision

On July 12, 2024, ALJ McCormack issued a decision denying the application for benefits. (T at 9-37).  The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2021 (the date last insured) and did not engage in substantial gainful activity between September 21, 2018 (the alleged onset date) and the date last insured. (T at 15).

The ALJ concluded that, as of the date last insured, Plaintiff's obesity (status-post gastric bypass surgery in 2018); degenerative disc disease of the lumbar spine (status-post surgery in 2016); osteoarthritis of the right and left knees (status-post surgery in 2010); and history of asthma were severe impairments as defined under the Act. (T at 15).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed

3

impairments in 20 CFR Part 403, Subpart P, Appendix 1 as of the date last insured. (T at 18).

At step four of the sequential analysis the ALJ determined that between the alleged onset date and the date last insured Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he could not kneel or squat; could not climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs; and occasionally push, pull, and reach overhead. (T at 18).

The ALJ further found Plaintiff limited to work that does not involve concentrated exposure to airborne irritants, the operation of a motor vehicle or heavy machinery, and/or exposure to workplace hazards such as unprotected heights, unprotected machinery, or machinery with moving mechanical parts. (T at 18-19). He also concluded that Plaintiff would need a job that allowed him to use a cane for balance. (T at 19).

The ALJ found that Plaintiff had no past relevant work. (T at 25). Considering Plaintiff's age (42 on the date last insured), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed as of the date last insured. (T at 25-26).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between September 21, 2018 (the alleged onset date) and June 30, 2021 (the date last insured). (T at 27).

On October 3, 2024, the Appeals Council denied Plaintiff's request for review, making ALJ McCormack's decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on November 27, 2024. (Docket No. 1).  On July 3, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 19, 20).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings, on September 17, 2025. (Docket No. 24).  On October 1, 2025, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 25).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of

the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

   B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

>   1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
>   2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
>   3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
>   4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe

>impairment, he or she has residual functional capacity to perform his or her past work.
>
>5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, he challenges the ALJ's step five determination.  Second, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.  The Court will address each argument in turn.

A.  *Step Five Determination*

At step five of the sequential analysis, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy.  The Commissioner bears the burden of proof at this step. See *Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

In the present case, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could have performed as of the date last insured. (T at 26-27).

In reaching this conclusion, the ALJ relied on the opinion of Linda Vause, a vocational expert, who testified that a hypothetical claimant with the limitations set forth in the RFC determination could perform the representative occupations of information clerk, document preparer, and call out operator, which exist in significant numbers in the national economy. (T at 26-27, 2437-42).

Plaintiff objects to the representative occupations as obsolete and to the vocational expert's testimony as based on outdated information.

While some courts have expressed concern where the ALJ relied on representative occupations that appear to be obsolete in the modern economy—*see, e.g., Feeley v. Comm'r of Soc. Sec.*, No. CIV. 14-4970 KM, 2015 WL 3505512, at *11 (D.N.J. June 3, 2015); *Maldonado v. Comm'r of*

9

*Soc. Sec.*, No. 21-CV-7594 (RWL), 2023 WL 243617, at *10 (S.D.N.Y. Jan. 18, 2023); *Applefeld v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-17-517, 2018 WL 1136571, at *5, n. 1 (D. Md. Mar. 1, 2018); *Lynch v. O'Malley*, No. 22-CIV-5620-CS-AEK, 2024 WL 728483, at *14 (S.D.N.Y. Feb. 21, 2024)—other courts, including the Second Circuit in an unpublished decision, have declined to accept this type of argument, finding that the ALJ is entitled to rely on the vocational expert's testimony and refusing to make a judicial finding as to whether an occupation is obsolete. *See Bavaro v. Astrue*, 413 F. App'x 382, 384 (2d Cir. 2011)("We decline Bavaro's invitation to take judicial notice of the decline of the photofinishing industry and deem the position infeasible for her. A vocational expert testified to the existence of such jobs at the national and regional level. The ALJ was entitled to credit that testimony … and we will not disturb that finding based upon Bavaro's conclusory proclamations to the contrary."); *see also Angi W. v. Comm'r of Soc. Sec.*, No. 21 Civ. 0557 (CJS), 2023 WL 2595008, at *11 (W.D.N.Y. Mar. 22, 2023) ("[T]he Court would be loath to conduct its own analysis of job types and job availability and second guess the vocational expert's conclusions."); *Lucius R. v. O'Malley*, No. 3:22-CV-01312-MPS, 2024 WL 1200181, at *22 (D. Conn. Jan. 22, 2024); *Medranda v. O'Malley*, No. 23 CIV. 6633 (SLC), 2024 WL 4100567, at *8 (S.D.N.Y. Sept. 6, 2024)("The

10

Court is not the proper authority to assess the types of jobs Ms. Medranda could perform and how many positions exist in the national economy.").

On June 22, 2024, the Social Security Administration issued an "Emergency Message" imposing heightened requirements on ALJs considering certain representative occupations "whose continued widespread existence multiple courts have questioned." *See Denise W. v. Comm'r of Soc. Sec.*, No. 23-CV-1098S, 2025 WL 322249, at *7 n.4 (W.D.N.Y. Jan. 29, 2025)(quoting Soc. Sec. Admin. Emergency Message (EM)-24027).

In particular, when faced with one of the designated occupations, the ALJ is required under the Emergency Message to obtain additional evidence to determine whether that occupation's requirements, as the job is presently performed, are consistent with the claimant's RFC and that the position still exists in the national economy in numbers that alone, or in combination with other representative occupations, are significant. *See Coles v. Comm'r of Soc. Sec.*, No. 24-CV-6119 (OEM), 2025 WL 2024366, at *6 (E.D.N.Y. July 21, 2025).

Among the representative occupations identified by the vocational expert in the present case, the Emergency Message identifies document preparer as a potentially obsolete occupation but does not list either

11

information clerk or call out operator among the suspect positions. *See* EM-24027, at

https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM (last accessed on October 25, 2025).

The Court finds no reversible error in the ALJ's step five determination.  Here's why.

First, the Emergency Message did not become effective until January 6, 2025, *after* the date of the ALJ's decision.

Second, in any event, the ALJ satisfied the heighted duty of inquiry. The ALJ asked the vocational expert whether the tools and work processes had changed for the document preparer position. (T at 2439).  The vocational expert testified that the position had generally transitioned from the use to microfiche to digital scanning, but that, based on her experience and expertise, the position still existed and was performed at the sedentary, unskilled level. (T at 2439-40). The Court, therefore, concludes that to the extent the heightened duty applied to the ALJ in this case, the ALJ satisfied it.

The Court also declines the invitation of Plaintiff's counsel to substitute his, or its, lay assessment of the requirements of particular occupations in the modern economy for the experience and expertise of

Ms. Vause, who counsel was given the opportunity to cross-examine during the administrative hearing (T at 2444-45) and whose credentials were unchallenged in the underlying administrative proceedings.[3]

### B. Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

---

[3] Plaintiff also challenges aspects of the vocational expert's methodology for determining whether the representative occupations exist in significant numbers in the national economy. Courts have consistently rejected such challenges in deference to the Commissioner's ability to rely on the vocational expert's expertise. *See, e.g., Marrero v. Kijakazi*, No. 20-CV-3872 (PED), 2021 WL 4198221, at *7 (S.D.N.Y. Sept. 15, 2021); *Pamela M. H. v. Comm'r of Soc. Sec.*, No. 5:23-CV-00197 (AMN/CFH), 2024 WL 1468906, at *8 (N.D.N.Y. Feb. 22, 2024), *report and recommendation adopted*, No. 523CV00197AMNCFH, 2024 WL 1131043 (N.D.N.Y. Mar. 15, 2024) *Debiase v. Saul*, No. 3:19 CV 68 (RMS), 2019 WL 5485269, at *11 (D. Conn. Oct. 25, 2019).

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical

opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

Dr. Nirmala Nanjappa completed a functional assessment in November of 2020.[4] Dr. Nanjappa had been treating Plaintiff quarterly since February of 2016. She diagnosed lumbar radiculopathy sciatica. (T at 1029). She opined that Plaintiff could occasionally lift/carry up to 10 pounds, but never more than that; could stand/walk for 2-3 hours in an 8-hour workday; sit for 1-2 hours in an 8-hour workday; would need to take unscheduled breaks during the day; would need to have his legs elevated constantly; would need to use a cane; and could never perform postural or manipulative activities. (T at 1029-31). Dr. Nanjappa completed a second functional assessment in December of 2022 and identified the same limitations. (T at 1118-21).

The ALJ found Dr. Nanjappa's assessment of extreme, disabling limitations unpersuasive. (T at 24). For the following reasons, the Court finds the ALJ's decision is supported by substantial evidence and is consistent with applicable law.

---

[4] The assessment form identifies the physician as "Dr. Nanjappa Nirmala." (T at 1032). Thus, the ALJ referred to "Dr. Nirmala" in his decision. Plaintiff's counsel notes that the physician's name is actually "Nirmala Nanjappa" (Docket No. 25, at 2 n.1), which is correct (T at 1043) and which the Court adopts here.

15

First, the ALJ relied on a reasonable reading of the treatment record, including generally conservative treatment and the lack of clinical findings such as spasms, edema, instability, sensory deficits, and/or reflex deficits. (T at 24, 824, 829, 831, 920-21, 1042, 1049). *See Aguirre v. Saul*, 568 F. Supp. 3d 477, 486 (S.D.N.Y. 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."); *see generally Sanders v. Comm'r of Soc. Sec.*, No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness).

Second, other medical opinion evidence supports the ALJ's decision to discount the more extreme aspects of Dr. Nanjappa's opinions. Dr. Justin Porto performed a consultative examination in November of 2019. He diagnosed history of chronic low back pain; history of seizures; and history of obstructive sleep apnea. (T at 922). Dr. Porto opined that Plaintiff

16

had mild to moderate limitation for prolonged standing and walking; mild to moderate limitation with respect to heavy lifting and carrying; and recommended that he be restricted from driving, operating heavy machinery, and from working at unprotected heights. (T at 922).

The ALJ found Dr. Porto's opinion consistent with the overall record, except for the restriction against driving, given the lack of evidence of active seizures during the period at issue and the absence of any treating provider adopting such a restriction. (T at 24-25). *See Grega v. Saul*, 816 F. App'x 580, 582–83 (2d Cir. 2020)("A consultative examiner's opinion may constitute substantial evidence if otherwise supported by the record.")(citing *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)).

Additionally, two non-examining State Agency review physicians, Dr. S. Powell and Dr. A. Periakaruppan, opined that Plaintiff retained the RFC to perform a reduced range of light work. (T at 57-59, 73-76). The ALJ found these assessments somewhat persuasive but concluded that the record supported a greater degree of limitation. (T at 25). Where, as here, an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 W.D.N.Y. Mar. 6, 2018 (collecting cases); *see also Rosa v. Callahan*, 168

F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

Plaintiff offers an alternative reading of the record and argues that Dr. Nanjappa's opinions should have been assigned greater persuasive power.

For the reasons discussed above, however, the Court finds the ALJ's decision is supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

In addition, the ALJ did not disregard the evidence of Plaintiff's pain and impairment. Rather, the ALJ limited Plaintiff to a reduced range of sedentary work. (T at 18-19). "[D]isability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir.

1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

The ALJ's RFC assessment, which is supported by a reasonable reading of the record and appropriate reconciliation of the medical opinion evidence, therefore, must be sustained under the deferential standard of review applicable here.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 19) is DENIED; the Commissioner is granted Judgment on the Pleadings; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: October 27, 2025                                  *s/ Gary R. Jones*
                                                                               GARY R. JONES
                                                                               United States Magistrate Judge